1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     JOHN R. RABAGO,                               No.  2: 21-cv-1866 JAM KJN P

12                     Petitioner,

13            v.                                      FINDINGS AND RECOMMENDATIONS

14     PAUL THOMPSON, et al.,

15                     Respondents.

16

17            Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of

18     habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner argues that he is entitled to credits under

19     the First Step Act.  In particular, petitioner argues that he is entitled to 390 days of earned time

20     credits toward his early release based on 780 days of prison work.  Petitioner argues that with

21     application of these credits, his release date is December 15, 2022.

22            Pending before the court is respondent's motion to dismiss.  (ECF No. 8.)  For the reasons

23     stated herein, the undersigned recommends that respondent's motion to dismiss be granted.

24     Background

25            On December 16, 2019, petitioner plead guilty to conspiracy against rights in violation of

26     18 U.S.C. § 241 and deprivation of rights under color of law in violation of 18 U.S.C. § 242.

27     (ECF No. 8-1 at 8.)  On July 15, 2020, petitioner was sentenced to 48 months in federal custody,

28     followed by a 4-year term of supervised release and a $125 special assessment.  (Id. at 11-12.)

                                                      1

1    Petitioner's full release term date is August 24, 2024.  (ECF No. 8-2 at 16.)  His projected

2    release date is January 21, 2024 (assuming good conduct time).  (Id.)

3        On October 8, 2021, petitioner filed the pending habeas corpus petition pursuant to 28

4    U.S.C. § 2241 arguing that he is entitled to credits under the First Step Act.  (ECF No. 1.)

5        On December 19, 2021, respondent filed the pending motion to dismiss.  (ECF No. 8.)

6    Respondent moves to dismiss the petition for lack of Article III standing and ripeness, lack of

7    jurisdiction under 28 U.S.C. § 2241 and for failure to exhaust administrative remedies.  (Id.)

8     On January 18, 2021, petitioner filed an opposition to the motion to dismiss.  (ECF No. 9.)

9        For the reasons stated herein, the undersigned recommends that respondent's motion to

10   dismiss be granted.

11   Discussion

12       *The First Step Act*

13       The First Step Act was signed into law on December 21, 2018.  Pub. L. No. 115-391, 132

14   Stat. 5194 (2018).  The relevant portions of the First Step Act allow eligible prisoners to earn time

15   credits against their sentences for successfully completing certain "recidivism reduction

16   programming" or "productive activities."  18 U.S.C. § 3632(d)(4).  The Attorney General was

17   allowed 210 days after the First Step Act was enacted to develop and publish the Risk

18   Assessment Needs system, which BOP must use as a guide to implement the programs.  18

19   U.S.C. § 3632(a).  The Attorney General published the Risks and Needs Assessment on July 19,

20   2019.  The BOP then had 180 days, or until January 15, 2020, to implement the system, complete

21   inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based

22   recidivism reduction programs.  18 U.S.C. § 3621(h).

23       Thereafter BOP was given an additional two years, or until January 15, 2022, to phase in

24   programming and provide "evidenced based recidivism reduction programs and productive

25   activities for all prisoners."  18 U.S.C. § 3621(h)(2)(A-B).  Moreover, during this "phase-in"

26   period the BOP was empowered to exercise its own discretion as to how and when to expand

27   programs and activities, as well as offer the system's incentives and rewards as of the date of

28   enactment of the First Step Act:

> Beginning on the date of enactment of this subsection, the Bureau of Prisons *may* begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

§ 3621(h)(4) (emphasis added).

*Ripeness*

The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Nat'l Park Hosp. Ass'n v. Dep't of the Interior, 538 U.S. 803, 808 (2003) (quoting Reno v. Cath. Soc. Servs., Inc., 509 U.S. 43, 57 n.18 (1993)). It "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements" when those disagreements are premised on "contingent future events that may not occur as anticipated, or indeed may not occur at all." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985) (citations omitted); Wolfson v. Brammer, 616 F.3d 1045, 1057 (9th Cir. 2010); see also Simmonds v. INS, 326 F.3d 351, 357 (2d Cir. 2003) (evaluating ripeness in the context of a habeas petition, stating "[p]rudential ripeness is ... a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination").

The majority of courts that have considered claims regarding the BOP's alleged failure to award earned time credits under the First Step Act have concluded that these claims are not ripe at this time because the BOP has until January 15, 2022, to "phase-in" the evidence-based recidivism programs and productive activities for all prisoners. Khouanmany v. Gutierrez, 2021 WL 4394591, at *4 (C.D. Cal. Aug. 2, 2021) ("The majority of courts to have considered claims regarding the BOP's failure to award earned time credits under the First Step Act have concluded that such claims are not ripe at this time because the BOP has until January 15, 2022, to "phase-in" the evidence-based recidivism reduction programs and productive activities for all prisoners.") (citing Novotny v. Yankton FPC, Warden, 2021 WL 3089287, at *1 (D. S.D. July 21, 2021) (inmates do not have standing to seek an order requiring the BOP to apply earned time

3

1    credits toward prerelease custody before January 15, 2022); Diaz v. Warden, FCI-Ray Brook,

2    2021 WL 3032694, at *2-3 (N.D. N.Y. July 19, 2021) (challenge to BOP's calculation of earned

3    time credit under the First Step Act was not ripe for review); Hand v. Barr, 2021 WL 392445, at

4    *5 (E.D. Cal. Feb. 4, 2021) ("because the Act does not require BOP to provide evidence-based

5    recidivism reduction programs and productive activities for all prisoners until January 2022, the

6    Court finds that petitioner's claims regarding earned time credits and evidence-based recidivism

7    reduction programs are not ripe"), findings and recommendation adopted by 2021 WL 1853295,

8    at *2 (E.D. Cal. May 10, 2021) (given that the regulations governing the First Step Act time

9    credits have yet to be codified, the court agreed that the petitioner's claims regarding First Step

10   Act time credits were not ripe); Cohen v. United States, 2021 WL 1549917, at *3 (S.D. N.Y. Apr.

11   20, 2021) (claims challenging calculation of earned time credits under the First Step Act was not

12   ripe); Kennedy-Robey v. FCI Pekin, 2021 WL 797516, at *3-4 (C.D. Ill. Mar. 2, 2021) ("The use

13   of the word 'may' indicates that, while it is permissible for the BOP to award time credits under

14   the statute at any time after the date of enactment, the BOP is not required to do so"; thus, the

15   petitioner did not have standing to demand that the BOP apply her time credits as she

16   calculated)); Fair v. Thompson, 2022 WL 183429 (E.D. Cal. Jan. 20, 2022) (challenges to certain

17   BOP policies regarding the First Step Act and BOP's application of the Act dismissed as not

18   ripe).

19          The undersigned agrees with the reasoning of the courts cited above and finds that

20   petitioner's claim for credits under the First Step Act is not ripe.  Once the BOP applies First Step

21   Act credits or fails to properly apply such credits, petitioner may file a new petition for relief.

22          In the petition, petitioner cites Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. Aug. 25,

23   2020), where the district court found that the BOP need not wait until January 15, 2022, to

24   implement the at-issue sections of the First Step Act.  However, the undersigned joins the

25   numerous courts that have respectfully disagreed with the Goodman decision.  Diaz v. Warden,

26   2021 WL 3032694, at *2-3 (N.D. N.Y. July 19, 2021) (acknowledging Goodman but noting that

27   the majority of courts disagree with that opinion); Holt v. Warden, 2021 WL 1925503, at *5 (D.

28   S.D. May 13, 2021) (collecting cases that have disagreed with the Goodman opinion); Kennedy-

4

Robey, 2021 WL 797516, at *4 (C.D. Ill. March 2, 2021) ("If immediate implementation were

mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4)).

    *Respondent's Remaining Arguments*

    Respondent also argues petitioner must first exhaust his administrative remedies before

bringing a federal action.  There is some disagreement among the district courts as to whether

exhaustion of a claim for time credits under the First Step Act is required prior to suit.  Compare

Goodman v. Ortiz, 2020 WL 5015613, at *3, 2020 U.S. Dist. LEXIS 153874, at *5-6 (exhaustion

not required) with O'Bryan v. Cox, 2021 WL 983241 at *1-3, 2021 U.S. Dist. LEXIS 50055 at

*2-7 (D. S.D. Jan. 12, 2021) (exhaustion required).  Because the court finds that the instant

petition is not ripe and must be dismissed, it declines to address the exhaustion argument at this

time.

    Because the undersigned finds that petitioner's claim is not ripe, there is no need to

address the other grounds raised in respondent's motion to dismiss.

    Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss

(ECF No. 8) be granted on the grounds that petitioner's claim is not ripe.

    These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 10, 2022

Rab1866.fr

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5